UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:08-CR-155-F
No. 5:12-CV-230-F

| | | |
|---|---|---|
| KIMBERLY DENISE HARRIS, | ) | |
| Petitioner | ) | UNITED STATES' WITHDRAWAL |
| | ) | OF ITS MOTION TO DISMISS |
| v. | ) | PETITIONER'S MOTION TO |
| | ) | VACATE CONVICTION AND |
| UNITED STATES OF AMERICA, | ) | SENTENCE |
| Respondent. | ) | |

The United States of America, by and through the United States Attorney for the Eastern District of North Carolina, hereby withdraws its previously filed motion to dismiss [DE 55] and submits this supplemental response to Kimberly Denise Harris' petition for relief under 28 U.S.C. § 2255.

The government previously moved to dismiss the petition on the ground that the petition was barred by the statute of limitations.

In light of the recent Supreme Court case of Wood v. Milyard, 132 S. Ct. 1826, 1834 (2012), the government has reconsidered its position in cases such as this, where the defendant was erroneously convicted of being a felon in possession of a firearm based on a prior conviction that, in light of United States v. Simmons, 649 F.3d 237 (4th Cir. 2011

1

(en banc), is not punishable by more than one year imprisonment. After further consideration of the issue, the Department of Justice has determined that, in this narrow category of cases, in the interests of justice, it will waive its defenses based on the statute of limitations. Accordingly, the government is now waiving this procedural defense because Harris has a valid claim that, in light of Simmons, she was erroneously convicted of being a felon-in-possession of a firearm.

The Supreme Court has explained that, while district courts (and appellate courts) have discretion *sua sponte* to raise a statute-of-limitations defense in a habeas case when the government had inadvertently failed to raise it, Wood, 132 S. Ct. at 1834 (2012); Day v. McDonough, 547 U.S. 198, 209 (2006), when the government intentionally relinquishes the statute-of-limitations defense, that relinquishment constitutes a waiver that courts may not override. *See* Day at 202 ("[W]e would count it an abuse of discretion to override a State's deliberate waiver of a limitations defense); Wood v. Milyard, 132 S. Ct. 1826 (2012) (holding that appellate court abused its discretion by addressing the timeliness of a habeas petition where the State had made a deliberate decision not to enforce the statute of limitations).

2

Case 5:08-cr-00155-F   Document 56   Filed 08/14/12   Page 2 of 4

Accordingly, the Court should reach the merits of the petition and vacate Harris' conviction and sentence.

Respectfully submitted this 14th day of August, 2012.

THOMAS G. WALKER
United States Attorney


*/s/ Felice McConnell Corpening*
FELICE McCONNELL CORPENING
Assistant United States Attorney
Criminal Division
310 New Bern Avenue
Suite 800
Raleigh, NC  27601
Telephone:  (919) 856-4582
Facsimile:  (919) 856-4487
Email:  felice.corpening@usdoj.gov
NC Bar No. 21199

CERTIFICATE OF SERVICE

I certify that I have on this 14th day of August, 2012, served a copy of the foregoing Response upon counsel for the petitioner by electronic filing to:

> Mr. William D. Delahoyde
> Attorney at Law
> 6300 Creedmoor Road
> Suite 170
> Attorney for petitioner

> /s/ *Felice McConnell Corpening*
> FELICE McCONNELL CORPENING
> Assistant United States Attorney
> Criminal Division
> 310 New Bern Avenue
> Suite 800
> Raleigh, NC  27601
> Telephone:  (919) 856-4582
> Facsimile:  (919) 856-4487
> Email:  felice.corpening@usdoj.gov
> NC Bar No. 21199

4